Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50007 | **DATE** | 1/24/2011 |
| **CASE TITLE** | Jesus Barbary vs. People of the State of Illinois | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion requesting this court be recused.

*Philip G. Reinhard* (signature)

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

    Plaintiff, Jesus Barbary, filed a pro se motion requesting that this court be recused from presiding over this case. The one-page, barebones motion states that this court has a "conflict of interest" because it presided over a prior civil case (No. 05 C 50061) in which plaintiff was also a plaintiff and the current case involves a claim of retaliation based on his having filed the prior case. The motion further asserts that this court has "a political self interest, is bias or prejudice and would be a miscarriage of justice to have [it] preside over" this case. The motion does not specify any legal basis relied upon.

    There are several potential sources of authority upon which a party may rely in seeking recusal of a judge. The first is found in 28 U.S.C. § 144. This provision requires a party seeking recusal to submit an affidavit stating the facts and the reason for believing that the judge before whom the matter is pending has a "personal bias or prejudice" either against the party seeking recusal or in favor of any adverse party.

    Plaintiff here has failed to submit such an affidavit, and that alone is a sufficient basis to deny the motion to the extent it seeks relief under § 144. Nor has plaintiff alluded to any factual basis for a belief that this court is biased or prejudiced against him or in favor of any of the named defendants. Further, the mere fact that this court ruled on matters in plaintiff's prior case would not constitute a sufficient bias or partiality. See Shaaban v. United States, 2010 WL 883769, * 2 (S.D. Ind. Mar. 5, 2010). Such prior rulings are proper grounds for appeal but not for recusal. Shaaban, at * 2.[1]

    The second possible basis for seeking recusal is under 28 U.S.C. § 455. Section 455(a) requires a judge to recuse himself when presiding over a case would create the reasonable appearance of impropriety. O'Regan v. Arbitration Forums, Inc., 246 F. 3d 975, 988 (7th Cir. 2001). Additionally, § 455(b) sets forth a list of circumstances under which a judge should also disqualify himself.

    Here, plaintiff has not identified any basis for recusal under § 455(a). He has not pointed to any specific facts that would make it appear objectively improper for this court to preside over this case or that this court has any personal bias against him or in favor of any defendant. See Watkins v. United States, 2008 WL 4225763, * 2 (C.D. Ill. Sept. 12, 2008). The mere fact this court presided over his prior case is

| STATEMENT - OPINION |
|---|

insufficient to satisfy either § 455(a) or any of the enumerated circumstances under § 455(b). Nor do the generalized and non-specific assertions regarding political self interest, bias or prejudice, or miscarriage of justice rise to a level justifying recusal under either § 455(a) or § 455(b).

Finally, a party may also seek recusal on the basis of the Due Process Clause. See Caperton v. A. T. Massey Coal Co, Inc., 129 S. Ct. 2252 (2009). While it is axiomatic that a fair trial in a fair tribunal is a basic tenet of due process, most matters relating to judicial disqualification do not rise to a constitutional level. Caperton, 129 S. Ct. at 2259. Matters such as kinship, personal bias, state policy, or remoteness of interest are generally matters of legislative purview. Caperton, 129 S. Ct. at 2259.

Here, plaintiff has failed to identify any specific instances of bias, personal interest, or financial interest of this court that would rise to the level of a due process concern. Nor does plaintiff's assertion of a conflict of interest meet the constitutional test. This case simply does not fit into any of the narrow situations recognized by the Supreme Court as requiring recusal under the Due Process Clause. See Caperton, 129 S. Ct. at 2261-62.

For the foregoing reasons, the court denies the motion requesting recusal.

1. Plaintiff in fact did appeal this court's order dismissing his prior case, and the Court of Appeals summarily affirmed. Barbary v. Il 17th Judicial Circuit Judges, No. 05-2487 (7th Cir. Aug. 29, 2005).