# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50007 | **DATE** | 1/28/2011 |
| **CASE TITLE** | Jesus Barbary vs. People of the State of Illinois | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants the motion to proceed in forma pauperis, dismisses the complaint with prejudice, denies the request for appointment of counsel as moot, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]   Notices mailed by Judicial staff.

---

## STATEMENT - OPINION

　　Plaintiff, Jesus Barbary, filed pro se a four-count complaint against defendant the People of the State of Illinois. The complaint states that it is an action "regarding the erroneous appellate court review" of his guilty verdict following a jury trial for a traffic offense in the Circuit Court of Winnebago County, Illinois. In the prayer for relief, plaintiff asks this court to reverse the order of the Illinois Appellate Court affirming his conviction and enter a "summary judgment of acquittal" in the state-court case.

　　Initially, the court grants plaintiff's request to proceed in forma pauperis (IFP). Based on his financial affidavit, he arguably has established he is unable to prepay the filing fee. See 28 U.S.C. § 1915(a)(1).

　　Because plaintiff has been allowed to proceed IFP, the court must conduct a review of his complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] Section 1915(e)(2)(B) provides for dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted.

　　Pursuant to its review under § 1915(e)(2), the court dismisses the entire complaint because it names as its only defendant the People of the State of Illinois. Such a defendant is not a proper "person" for purposes of a suit under 42 U.S.C. § 1983.[2] See Pitts v. Menard Correctional Center, 2007 WL 1320736, * 1 (S.D. Ill. May 4, 2007) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)). Therefore, the court dismisses the entire complaint on that basis alone.

　　Further, because the apparent purpose of plaintiff's complaint and supporting materials is to invalidate his state-court conviction based on his commission of a traffic offense, it is inconsistent with that conviction and as such is barred. See Okoro v. Callaghan, 324 F. 3d 488, 490 (7th Cir. 2003) (citing Heck v. Humphrey, 512 U.S. 477 (1994)).

　　The complaint is also barred as it improperly seeks in this Federal court to set aside the judgment of the Illinois Appellate Court. See Taylor v. Federal National Mortgage Assoc., 374 F. 3d 529, 532-33 (7th Cir. 2004) (applying the Rooker-Feldman doctrine).[3]

　　For the foregoing reasons, the court grants the motion to proceed in forma pauperis, dismisses the entire complaint with prejudice, denies the request for appointment of counsel as moot, and dismisses this cause in its entirety.

---

1. In a separate order, the court has denied plaintiff's motion requesting recusal of this court.

2. While plaintiff has not expressly referred to § 1983 in his complaint, that is the only possible basis for the claims he seeks to assert.

3. Even if Rooker-Feldman does not apply to plaintiff's claims, it is evident that plaintiff had the opportunity to litigate these issues before the appellate court. As such, these claims are now barred by res judicata. See Taylor, 374 F. 3d at 533 n. 1. Nor has plaintiff alleged that he sought review of the appellate court rulings in the Illinois Supreme Court.